IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 16-00056-CG-C |
| | ) | |
| TELESFORO LOZANO | ) | |
| | ) | |
| | ) | |

## ORDER

This matter is before the Court on Defendant's motion to reconsider the denial of his motion to suppress. (Doc. 24) Defendant asks the Court to reconsider its order (Doc. 23) denying his motion to suppress.

Courts "have permitted motions for reconsideration in criminal cases notwithstanding the fact that the Federal Rules of Criminal Procedure do not provide for them." United States v. Phillips, 597 F.3d 1190, 1199 (11th Cir. 2010). Such motions "are evaluated under the same standards utilized in civil cases." United States v. Sencan, Crim. No. 13- 00117, 2013 WL 6237455 (S.D. Ala. Dec. 3, 2013). A party seeking reconsideration must demonstrate: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) . . . correct clear error or manifest injustice." Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D. Fla. 1999). Disagreement with the Court's ruling is not a ground for reconsideration, see id., but that is essentially the basis of Defendant's motion.

This Court denied Defendant's motion to suppress, finding that "[t]he totality

of the circumstances demonstrate that Trooper Barnes had a particularized and objective basis for suspecting legal wrongdoing prior to completing the tasks tied to the traffic infraction" and that "once the drug dog alerted to the vehicle, the reasonable suspicion flowered into probable cause." (Doc. 23, p. 9).  Defendant contends that the Order should be reconsidered because the prolonged detention by Trooper Barnes into matters unrelated to the initial traffic stop was not supported by reasonable suspicion.

Defendant points to some of the facts that this Court found raised suspicion, arguing that they have or could have a legitimate basis.  For instance, Defendant contends that the fact that the vehicle he was driving was registered shortly before the trip in a different state than the state where Defendant resided does not necessarily demonstrate anything improper.  The Court would agree that the location and timing of the registration may have been insufficient, by itself, to raise a particularized objective basis for suspecting wrongdoing.  However, as the Court stated, "a court must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." (Doc. 24, p. 6 (citations and internal quotations omitted)).  The fact that the Defendant has an explanation for one or more of the facts that raised suspicion does not invalidate the conclusion from the totality of the circumstances that Barnes had a particularized and objective basis for suspecting legal wrongdoing.

Defendant also disagrees with Trooper Barnes' conclusion that the Defendant

reported he was going to purchase a car, claiming that was a misunderstanding by Barnes who was clouded by his inability to understand the Defendant and "driven no doubt by his intrinsic suspicions." However, Barnes' understanding that Defendant reported he was going to purchase a car was confirmed by Martinez who spoke fluent Spanish and questioned the Defendant directly. His conclusion was clearly not unreasonable. Moreover, even if the Defendant was not going to purchase a car, but only to pick up a car, it was still suspicious that he did not know what kind of car he was going to pick up or where in Atlanta he was going to pick it up, he had a contact number to call to get the information when he arrived in Atlanta but he could not find the number, and he had a tow bar that appeared to be unusable with his vehicle.

The Court, after reviewing the facts again, agrees with the prior decision. The facts discussed above, together with the other suspicious circumstances mentioned in the Order denying Defendant's motion to suppress, were sufficient to support a particularized and objective basis for suspecting legal wrongdoing prior to Barnes' completion of the tasks tied to the traffic infraction. Accordingly, Defendant's motion for reconsideration (Doc. 24) is **DENIED.**

**DONE and ORDERED** this 17th day of May, 2016.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE